IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Jun 20 2017
U.S. DISTRICT COURT
Northern District of WV

RICHARD E. UNDERWOOD,

  *Plaintiff*,

v.

  CASE NO. 5:17-cv-92 (Stamp)

DONALD S. MITCHELL and WENDI MITCHELL dba STEVE MITCHELL ELECTRICAL CONTRACTING, and STEVE MITCHELL ELECTRICAL CONTRACTING, LLC, a West Virginia Limited Liability Company,

  *Defendants*.

## COMPLAINT

COMES NOW the Plaintiff, Richard E. Underwood, by and through counsel, Steven M. Recht, Esquire, and for his Complaint against Defendants Donald S. Mitchell and Wendi Mitchell dba Steve Mitchell Electrical Contracting, and Steve Mitchell Electrical Contracting, LLC, states and avers as follows:

1. Plaintiff, Richard E. Underwood, (hereinafter referred to as "Plaintiff"), was an employee of Defendants and performed his duties as an electrician with Defendants in Brooke County, West Virginia, which is within the jurisdiction of this Court.

2. Defendants Donald S. Mitchell and Wendi Mitchell are residents of Brooke County, West Virginia, and at times pertinent hereto did illegally conduct business in and about Brooke County, West Virginia, under the assumed name of Steve Mitchell Electrical Contracting, without filing a certificate in the Office of the Clerk of the County Commission of Brooke County, West Virginia, in violation of West Virginia Code §47-8-2.

3. Defendant Steve Mitchell Electrical Contracting, LLC, is a West Virginia limited liability company with its principal place of business in Brooke County, West Virginia.

4. Defendant Steve Mitchell Electrical Contracting, LLC, was incorporated as of December, 2016, and upon information and belief, from the time period of its inception through and until the last date of Plaintiff's employment, Defendant Steve Mitchell Electrical Contracting, LLC, did replace Donald S. Mitchell and Wendi Mitchell dba Steve Mitchell Electrical Contracting as Plaintiff's employer.

5. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were enterprises engaged in commerce or the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and had an annual gross sales volume in excess of $500,000.00.

7 In addition, Plaintiff was himself engaged in interstate commerce at all times pertinent to this Complaint.

8. Venue is proper pursuant to 28 U.S.C. § 1391. The Court has jurisdiction over the Defendants, and in regard to Plaintiff.

9. During Plaintiff's employment, he worked as an electrician and was mis-treated as exempt from the overtime provisions of the FLSA.

10. Plaintiff's primary duties as an electrician were of a non-exempt nature.

11. In the course of employment with Defendants, Plaintiff was not paid time and

one-half of his regular rate of pay for all hours working in excess of forty (40) hours per week during one or more work weeks. Instead, Defendants only paid Plaintiff his salary, with no additional compensation for overtime hours worked.

12. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. §201-209, in that Plaintiff performed services for Defendant for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

13. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff, are in the possession and custody of Defendants.

14. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

15. Plaintiff demands a jury trial.

## COUNT I

### RECOVERY OF OVERTIME COMPENSATION

16. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 15 above as if restated herein.

17. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

18. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, plus incurred costs and reasonable attorney's fees.

19. As a result of Defendants' willful violation of the Act, Plaintiff is entitled to

liquidated damages.

    WHEREFORE, Plaintiff, Richard E. Underwood, demands judgment against Defendants for the payment of all overtime hours at one and one-half times his normal rate of pay, liquidated damages, and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

    Respectfully submitted,

    /s/ Steven M. Recht
Steven M. Recht, Esquire
RECHT LAW OFFICES
3405 Main Street
P. O. Box 841
Weirton, WV 26062
(304) 748-5850
Fax: (304) 748-6019
Email: smr@rechtlaw.com
WV State Bar I.D. No. 5452

Counsel for Plaintiff