IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD E. UNDERWOOD,

    Plaintiff,

v.                                                    Civil Action No. 5:17CV92
                                                                (STAMP)
DONALD S. MITCHELL and WENDI MITCHELL,
d/b/a STEVE MITCHELL ELECTRICAL CONTRACTING, LLC
and STEVE MITCHELL ELECTRICAL CONTRACTING, LLC,
a West Virginia limited liability company,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

### I. Background

Plaintiff, Richard E. Underwood ("Underwood"), filed his complaint (ECF No. 1) against defendants Donald S. Mitchell and Wendi Mitchell d/b/a Steve Mitchell Electrical Contracting, LLC and Steve Mitchell Electrical Contracting, LLC on June 20, 2017. This action is brought to recover from defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 216(b).

Defendants, Donald S. Mitchell, Wendi Mitchell, and Steve Mitchell Electrical Contracting, LLC, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (ECF No. 3)

---

[1] This Court notes that although defendants' motion to dismiss "pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the Court lacks subject matter jurisdiction over the matters asserted in Plaintiff's Compliant against Defendants" (ECF No. 3 at 1) would be more appropriately brought pursuant Federal Rule of Civil Procedure 12(b)(1), the motion has been filed

on August 25, 2017, "on the basis that the Court lacks subject matter jurisdiction over the matters asserted in Plaintiff's Complaint against Defendants." ECF No. 3 at 1. Defendants assert that the two prong "enterprise test" used to determine coverage under 29 U.S.C. § 207(a)(1) ["FLSA"] is not met in the case at hand. ECF No. 3 at 2.

This Court entered an order (ECF No. 8) on September 26, 2017, scheduling a status conference and oral argument on defendants' motion. The parties then filed a joint stipulation (ECF No. 9) stating that they shall not file a response or file an answer until the Court directs them to do so. ECF No. 10.

Following the status conference, and at the parties' joint request, this Court entered an order (ECF No. 12) establishing a schedule for a 90-day jurisdictional discovery period to consider subject matter jurisdiction. The parties filed a joint stipulation (ECF No. 15) extending the deadline for plaintiff to respond to defendants' motion to dismiss to January 30, 2018 and for defendants to reply to February 13, 2018. This Court entered an order approving the stipulation (ECF No. 16).

Plaintiff filed a response in opposition (ECF No. 19) to defendants' motion to dismiss and asserts that, upon review of pertinent case law, plaintiff believes that the motion to dismiss

---

pursuant to Rule 12(b)(6) and the Court will consider the defendants' motion pursuant to Rule 12(b)(6).

2

improperly frames the issue of enterprise and individual coverage under the Federal Labor Standards Act ("FLSA") as "jurisdictional." ECF No. 19 at 3. Plaintiff asserts that, under Arbaugh,[2] enterprise and individual coverage are not jurisdictional issues, but rather, elements of the plaintiff's claim, and thus, the motion to dismiss should be denied. Id. Plaintiff contends that defendants' financial documents and assertions present inaccuracies and contrary factual assertions, and thus, the issues present are more appropriate for a factfinder to weigh in determining the ultimate triable issues in this case rather than a motion to dismiss. ECF No. 19 at 12. Plaintiff concludes by stating that should defendants' motion to dismiss be converted to a motion for summary judgment, plaintiff should be permitted additional discovery to prove his claims and investigate, as only limited discovery on the issue of jurisdiction has been conducted to date. ECF No. 19 at 12-13.

Defendants filed a reply (ECF No. 20) on February 15, 2018, two days after the ordered deadline of February 13, 2018, which was approved by this Court after stipulation by the parties. Defendants assert that plaintiff cannot meet the second prong of enterprise coverage under the FLSA which requires an employer be an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00 because "[t]here is nothing that has

---

[2]Arbaugh v. Y&H Corp., 546 U.S. 500, 126 S. Ct. 1235 (2006)

3

been produced that even hints that Defendant's annual revenues ever exceeded even $350,000.00." ECF No. 20 at 4. Defendants also assert that although individuals who are not employed by a covered enterprise may nevertheless be individually covered, the plaintiff in this case "is not working for an instrumentality of interstate commerce, he is an electrician employed by an electrical contractor" who was not regularly engaging in interstate commerce. ECF No. 20 at 5. Lastly, defendants contend that "the [s]tatute of limitations in this action is two years. 29 USC Section 255" and "[a]s such the averments of Plaintiff's Affidavit should be disregarded." ECF No. 20 at 7.

## II. <u>Applicable Law</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

4

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 678). Detailed factual allegations are not required, but the facts alleged must be

5

sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

This Court has construed the complaint in the light most favorable to Underwood for the purposes of this motion to dismiss. In doing so, this Court finds that the complaint makes sufficient factual allegations against the defendants to survive the Rule 12(b)(6) motion to dismiss. Without considering the merits of the allegations, or the "jurisdictional discovery" produced to date, this Court finds that the complaint states a claim for relief that is sufficient on its face, which is all that is required to survive a motion to dismiss under Rule 12(b)(6). This Court agrees with the plaintiff, and finds that under Arbaugh, enterprise and individual coverage are not jurisdictional issues, but rather, elements of the plaintiff's claim.

Further, this Court would decline to convert the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment, and notes that the plaintiff

has not filed an appropriate affidavit[3] under Rule 56 of the Federal Rules of Civil Procedure.

IV. Conclusion

For the reasons set forth above, the defendants' motion to dismiss (ECF No. 3) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: February 27, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3] "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). "We have warned litigants that we 'place great weight on the Rule 56(f) affidavit' and that '[a] reference to Rule 56(f) and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit.'" Id. "Indeed, 'the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" Id.